1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11    NICHOLAS ANDREW TIRADO,     Case No. 1:22-cv-00724-BAM (PC)

12          Plaintiff,     ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO

13        v.     ACTION

14    SANTIAGO, *et al.*,     FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR

15          Defendants.     FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE

16     TO PROSECUTE

17     (ECF No. 16)

18     **FOURTEEN (14) DAY DEADLINE**

19

20 **I.**    **Background**

21      Plaintiff Nicholas Andrew Tirado ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

22 *forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a

23 United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24      On August 10, 2022, the Court issued a screening order granting Plaintiff leave to file a

25 first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 16.)

26 The Court expressly warned Plaintiff that the failure to comply with the Court's order would

27 result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court

28 order and for failure to state a claim. (*Id.* at 10.) The deadline has expired, and Plaintiff has

1   failed to file an amended complaint or otherwise communicate with the Court.

2   **II.      Failure to State a Claim**

3          **A.      Screening Requirement**

4          The Court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8   relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

9          A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16         To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22         **B.      Plaintiff's Allegations**

23          Plaintiff is currently housed at California State Prison – Los Angeles in Lancaster,

24  California.  The events in the complaint are alleged to have occurred at California Substance

25  Abuse and Treatment Facility in Corcoran, California ("SATF"). Plaintiff names the following

26  defendants: (1) S. Santiago, Correctional Officer, S3E second and/or third watch, D yard,

27  (2) Herrmann, Sergeant, D. yard.

28  *///*

Plaintiff alleges as follows. "On November 9th and 16th 2021 in Corcoran, CA, SATF, D yard, [Plaintiff ] was met with unprofessional staff misconduct by Defendant." Plaintiff refers to Exh. A and B attached to the complaint and witness Ricky G. Reeves. (See ECF No. 1, p. 15 ("an officer made the following comment to him, 'I'm not the one who locked it up because of safety concerns.'"))[1] Safety concerns are supposed to be confidential and the comment was made in front of multiple inmates, officers and nurses. (ECF No. 1-1, p. 6.) Santiago's comment activated Plaintiff's PTSD. Plaintiff filed a 602 to appeal and reprimand Defendant. Acting Sergeant Herrmann replied with false allegations that there was no specific to date or time in order to check for camara footage.

While housed at D yard, Defendant retaliated against Plaintiff by withholding a package; Plaintiff's J Pay tablet. Plaintiff refers to Exh. C attached to the complaint. In Exh. C, Plaintiff states that he needs the tablet for communication with this family. Plaintiff alleges that "due to the exposed confidential information [Plaintiff] was attacked." Plaintiff refers to Exh. D attached to the complaint, which is documentation related to past attacks. Plaintiff has had multiple attacks on him while in prison. On March 8, 2022, he was attacked.[2] Due to the multiple attacks, there is an ongoing threat to Plaintiff's life because of Defendants' comments. As a result, Plaintiff has mental health issues.

Plaintiff seeks compensatory damages and punitive damages.

**C.      Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.      Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

---

[1] See Ex. A, ECF No. 1-1 (Santiago said, "your [sic] the one who locked it up over safety concerns.")

[2] The incident reports in Exh. D report a fight involving Plaintiff and one to two other inmates.

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory do not state what happened, when it happened, or which defendant was involved. General assertions regarding Plaintiff's fears that certain CDCR employees are trying to set up Plaintiff are not sufficient, and Plaintiff may not merely state the elements of a cause of action without providing any factual allegations in support of his claims. Plaintiff should state his key factual allegations in the body of the complaint and not incorporate by reference the entirety of his Exhibits. The Court cannot discern which facts are important to Plaintiff's claims.

### 2. Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646

1  (9th Cir. 1989)) (internal quotation marks omitted).

2  ### 3.  Linkage Requirement

3  The Civil Rights Act under which this action was filed provides:

4  Every person who, under color of [state law] . . . subjects, or causes to be
5  subjected, any citizen of the United States . . . to the deprivation of any rights,
   privileges, or immunities secured by the Constitution . . . shall be liable to the
6  party injured in an action at law, suit in equity, or other proper proceeding for
   redress.
7

8  42 U.S.C. § 1983.

9  The statute plainly requires that there be an actual connection or link between the actions

10  of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v.*

11  *Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth

12  Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right,

13  within the meaning of section 1983, if he does an affirmative act, participates in another's

14  affirmative acts or omits to perform an act which he is legally required to do that causes the

15  deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

16  It is unclear who Plaintiff contends seized his tablet and who Plaintiff contends failed to

17  protect him from the March 2022 assault.

18  ### 4.  Federal Rules of Civil Procedure 18 and 20

19  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed.

20  R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*,

21  507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec.

22  11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021).

23  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the

24  same transaction or occurrence, or series of transactions and occurrences, and (2) there are

25  commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348,

26  1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual

27  background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a)

28  will the Court review the other claims to determine if they may be joined under Rule 18(a), which

5

permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to the failure to protect Plaintiff in November 2021 while simultaneously asserting claims regarding failure to protect in 2022 or with retaliation in January 2022 for withholding a tablet. Unrelated claims involving multiple defendants belong in different suits.

## 5. Eighth Amendment

### a. Deliberate Indifference to Safety

Plaintiff contends that Defendant Santiago said, in front of other inmates, that Plaintiff "locked up" because of safety concerns. Plaintiff contends that this statement put his life in jeopardy. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts

1  from which the inference could be drawn that a substantial risk of serious harm exists, and he

2  must also draw the inference.  *See Farmer*, 511 U.S. at 837.  Mere negligent failure to protect an

3  inmate from harm is not actionable under Section 1983.  *See id.* at 835.

4      Plaintiff has not sufficiently alleged that Defendant Santiago put him in danger.  Plaintiff

5  does not allege specific facts showing that the defendant knew about a risk or danger to Plaintiff

6  and then disregarded that risk.  Plaintiff does not describe how each of the defendants was

7  actually aware of a specific threat to his safety.  *See Williams v. Wood*, 223 F. App'x 670, 671

8  (9th Cir. 2007) ("speculative and generalized fears of harm at the hands of other prisoners do not

9  rise to a sufficiently substantial risk of serious harm").  In particular, Plaintiff does not state a

10  cognizable Eighth Amendment claim against Defendant Herrmann.  There is no indication that

11  this defendant was aware of any substantial risk of serious harm to Plaintiff at the hands of any

12  inmates.

13                          b.      Failure to Protect

14      Plaintiff alleges several different unrelated incidents in which he was attacked by other

15  inmates, including in January 2022 after Defendant Santiago purportedly disclosed Plaintiff's

16  confidential information.  There can be no liability under 42 U.S.C. § 1983 unless there is some

17  affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*,

18  423 U.S. 362.  Plaintiff fails to state a claim against Defendants Santiago and Herrmann because

19  of Plaintiff's conclusory allegations.  There are no facts that these Defendants were aware of or in

20  a position/location to protect Plaintiff.  Plaintiff does not allege any facts which connect

21  Defendants' actions with any assault.  Further, these claims are improperly joined.

22              **6.    First Amendment - Retaliation**

23      "Prisoners have a First Amendment right to file grievances against prison officials and to

24  be free from retaliation for doing so."  *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012)

25  (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a

26  viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

27  state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

28  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

                                        7

(5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "[T]he mere threat of harm can be an adverse action. . . ." *Brodheim*, 584 F.3d at 1270. A plaintiff must plead facts showing that their "protected conduct was the substantial or motivating factor behind the defendant's conduct." *Id.* at 1271. To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1153 (E.D. Wash. 2014).

Although the allegations are unclear, Plaintiff claims that Defendant Santiago withheld his tablet. As currently pled, Plaintiff fails to set forth any factual allegations to support a claim of retaliation. The allegations are unclear that Plaintiff engaged in protected conduct. Plaintiff fails to allege that the adverse action chilled Plaintiff's First Amendment rights and that it did not reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegations are insufficient to state a claim. Further, this claim is improperly joined.

### 7.      Failure to Investigate

To the extent Plaintiff alleges that Defendant Herrmann failed to investigate Plaintiff's appeal regarding availability of body worn camera evidence, that is not a basis for a plausible § 1983 claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D. Cal. 2019). To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### 8.      Title 15 and Policy Violation

To the extent that Defendant has not complied with applicable state statutes or prison regulations for disclosure of information, these deprivations do not support a claim under § 1983.

Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### III.     Failure to Prosecute and Failure to Obey a Court Order

####         A.     Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

1    cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

2    F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

3         **B.     Discussion**

4         Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

5    Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

6    case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

7         The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

8    presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

9    *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

10   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

11   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

12   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

13   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products

14   Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

15        Finally, the Court's warning to a party that failure to obey the court's order will result in

16   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

17   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's August 10, 2022 screening

18   order expressly warned Plaintiff that his failure to file an amended complaint would result in a

19   recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

20   for failure to state a claim.  (ECF No. 16, p. 10.)  Thus, Plaintiff had adequate warning that

21   dismissal could result from his noncompliance.

22        Additionally, at this stage in the proceedings there is little available to the Court that

23   would constitute a satisfactory lesser sanction while protecting the Court from further

24   unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

25   action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

26   likely to have no effect given that Plaintiff has ceased litigating his case.

27   ///

28   ///

**IV.    Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 28, 2022**          /s/ *Barbara A. McAuliffe*

                                        UNITED STATES MAGISTRATE JUDGE